Donald A. Aherron v. Commissioner.
Aherron v. Commissioner
Docket No. 4878-69 SC.
United States Tax Court
T.C. Memo 1970-189; 1970 Tax Ct. Memo LEXIS 169; 29 T.C.M. (CCH) 863; T.C.M. (RIA) 70189; July 6, 1970, Filed Hudson Branham, 1022 i/2 Hull, Richmond, Va., for the petitioner. Douglas O. Tice, Jr., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioner's 1967 income tax in the amount of $504.28 by denying his claimed dependency exemption deductions for his four children. Petitioner conceded at trial that he was not entitled to the claimed exemption deduction for his eldest child and consequently *170 the sole remaining issue is whether he is entitled to the other three under section 151(e)(1)(B) and (3) and section 152(a)(1) and (e). [1]
Findings of Fact Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed petitioner was a resident of Richmond, Virginia. He filed his 1967 individual income tax return by mail with the Internal Revenue Service, Regional Service Center in Philadelphia, Pennsylvania. At the time of such filing petitioner was a resident of Richmond, Virginia. Petitioner and Eunice Strader (Eunice) were married in 1948. Four children were born of such marriage whose attained ages during 1967 were: Linda, 17 years; Jane, 15 years; Penny, 6 years; and Donald, Jr., 4 years. During 1967 petitioner, Eunice and their family lived in a 63 feet long, 3-bedroom trailer which they maintained and parked in a trailer court in the Richmond area. Petitioner was employed as a crane operator in 1967 with a payday each Friday, but he was rarely at home between Friday and the *171 following Monday or Tuesday when he would return to the trailer because he had run out of money. His contributions to the support of his household and family were negligible. Eunice was employed full-time by the West Virginia Pulp and Paper Company during the year in issue and earned slightly more than $5,900 in such year. In about June 1967 Eunice commenced divorce and support proceedings against petitioner and he left their trailer home on July 5, 1967. They have remained separated ever since that date. On July 5, 1967, a support order was entered by the Juvenile and Domestic Relations Court of Chesterfield County, Virginia, the memorandum of which issued by the Clerk of such court provides in pertinent part: The COMMONWEALTH OF VIRGINIA vs. Donald A. Aherron On July 5, 1967, you were placed under a support order by this court, which requires you to pay $75.00 each week to the Clerk of this court. The first payment is due by the 7th day of July, 1967. Pursuant to this order petitioner paid only $1,015 into such court between July 7, 1967 and December 31, 1967. The three younger children, Jane, Penny and Donald, Jr., continued to reside with Eunice in the trailer home *172 for the remainder of the year following petitioner's departure on July 5, 1967. Their entire support for the year was furnished by Eunice and petitioner. On November 2, 1967, a decree of divorce from bed and board was entered by the Circuit Court of Chesterfield County, Virginia, reading in pertinent part as follows: EUNICE STRADER AHERRON Plaintiff Vs. DONALD ADELL AHERRON Defendant DECREE This cause, which has been regularly matured, docketed and set for hearing, * * * 864 Upon Consideration Whereof, the Court finds from the evidence, * * * that the charge of wilful desertion of the plaintiff by the defendant on the 21st day of July, 1967, has been fully proven by the evidence, and that the plaintiff is entitled to the relief prayed for. The Court doth ADJUDGE, ORDER and DECREE that the plaintiff, Eunice Strader Aherron, be, and she is hereby, divorced from the defendant, Donald Adell Aherron, from bed and board, on the aforesaid ground of wilful desertion; with leave to have the same merged into a decree of divorce from the bond of matrimony as provided by law. It is further ADJUDGED, ORDERED and DECREED that custody of * * * Jane Adell Aherron, Penny Ann Aherron *173 and Donald Adell Aherron, Jr., infant children of the parties hereto, be, and the same is awarded to the plaintiff; and it appearing that the defendant is under a legal duty to support said children, the Court doth divest itself of further jurisdiction concerning future questions of custody and support of the said children with leave to the plaintiff to proceed in the appropriate Juvenile and Domestic Relations Court regarding such questions in accord with any applicable law. This decree of divorce from bed and board was later merged into a decree of absolute divorce, entered by the same court on September 27, 1968. Such final decree reiterated the finding of willful desertion on the part of petitioner herein and continued the custody of the children in Eunice. During the year in issue petitioner provided approximately $325 each toward the support of his children, Jane, Penny, and Donald, Jr., and during that same year Eunice contributed more than double that amount toward the support of each such child. Opinion Petitioner and Eunice have each claimed their children, Jane, Penny, and Donald, Jr., as dependency exemption deductions for the year 1967. The applicable portions *174 of section 152 provide that the term "dependent" as used in section 151 (which grants the exemption) means a son or a daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer, or is treated under subsection (e) as received from the taxpayer. Subsection (e) provides that if such son or daughter is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated as having received over half of his support for that year from the parent having custody for a greater portion thereof, "unless he [the child] is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent." Said paragraph (2) provides for exceptions regarding written agreements or decree provisions as to the exemption deduction, and for special rules if the parent not having custody provides a minimum of $1,200 for support. The facts of the instant case do not qualify under any of the paragraph (2) exceptions. Both petitioner and Eunice testified as witnesses herein. It is clear from our findings that Eunice had custody of Jane, Penny, and Donald, Jr., for *175 the greater portion of the year in issue and that petitioner provided less than a total of $1,200 for the support of his children during such year. It is also clear from our findings that Eunice provided far more toward the support of these same children during the year in issue than was provided by petitioner. Therefore, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩